**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Matthew M. Loker, Esq. (SBN: 279939)
ml@kazlg.com
Mona Amini, Esq. (SBN: 296829)
mona@kazlg.com
245 Fisher Avenue, Unit D1
Costa Mesa, California 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Alexander H. Lim, Esq. (SBN: 297525)
alex@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

Attorneys for Plaintiffs,
Fernando Jackson; and, Bryce Evans

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FERNANDO JACKSON; AND, BRYCE EVANS, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiffs,<br><br>v.<br><br>COLLECTO, INC. D/B/A EOS CCA,<br><br>Defendant. | Case No.:<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATION OF:**<br><br>**1. THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 ET SEQ.; AND,**<br><br>**2. THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

**CLASS ACTION COMPLAINT FOR DAMAGES**

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress enacted the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. FERNANDO JACKSON ("Mr. Jackson" or "Plaintiffs"); and, BRYCE EVANS ("Mr. Evans" or "Plaintiffs"), individually and on behalf of all others similarly situated, bring this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of COLLECTO, INC. D/B/A EOS CCA ("Defendant") with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiffs, in violation of Federal and State debt collection laws.

4. Plaintiffs allege as follows upon personal knowledge as to themselves and their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, Plaintiffs allege that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

7. Unless otherwise indicated, the use of Defendant in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant.

## JURISDICTION AND VENUE

8. Jurisdiction of this Court arises under Federal question pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692(k). In addition, jurisdiction also arises pursuant to 28 U.S.C. § 1367 for supplemental State claims.

9. This action arises out of Defendant's violations of (i) the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA"); and, (ii) the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, et seq. ("RFDCPA").

10. Because Defendant conducts business within the State of California, personal jurisdiction is established.

11. Venue is proper in the United States District Court, Central District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Mr. Jackson resides in the County of San Luis Obispo, State of California, which is within this judicial district, and Mr. Evans resides in the County of San Bernardino, State of California, which is within this judicial district; (ii) the
CLASS ACTION COMPLAINT FOR DAMAGES                                    PAGE 2 OF 15

conduct complained of herein occurred within this judicial district; and, (iii) Defendant conducted business in this judicial district at all times relevant.

## PARTIES

13. Mr. Jackson is a natural person who resides in the City of San Luis Obispo, County of San Luis Obispo, State of California.

14. Mr. Evans is a natural person who resides in the City of Ontario, County of San Bernardino, State of California.

15. Defendant is, and at all times mentioned herein was, a corporation whose State of Incorporation and principal place of business is in the State of Massachusetts.

16. Defendant, in the ordinary course of business, regularly, on behalf of themselves or others, engage in debt collection as that term is defined by California Civil Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by California Civil Code § 1788.2(c) and 15 U.S.C. § 1692a(6).

17. Plaintiffs are natural persons from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiffs, and are "debtors" as that term is defined by California Civil Code § 1788.2(h) and "consumers" as that term is defined by 15 U.S.C. § 1692a(3).

## FACTUAL ALLEGATIONS AS TO MR. JACKSON

18. At all times relevant, Mr. Jackson is an individual residing within the State of California.

19. At all times relevant, Defendant conducted business in the State of California.

20. Sometime prior to December 2014, Mr. Jackson allegedly incurred financial obligations to the original creditor, AT&T, for usage of Mr. Jackson's personal cellular telephone.

21. These alleged financial obligations were for personal, family or household purposes, and therefore, a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

22. These alleged financial obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt[s]" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

23. Sometime thereafter, Mr. Jackson allegedly fell behind in the payments allegedly owed on the alleged debt. Mr. Jackson disputes the validity of the Mr. Jackson's alleged debt.

24. Subsequently, the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection.

25. As a result, Mr. Jackson received a written communication from Defendant with regard to Mr. Jackson's alleged debt. This written correspondence constitutes a "communication" as that term is defined by 15 U.S.C. § 1692a(2), an "initial communication" consistent with 15 U.S.C. § 1692g(a), and a "debt collection" as that phrase is defined by 15 U.S.C. § 1692a(6).

26. Specifically, Defendant sent Mr. Jackson a written communication dated December 9, 2014.

27. Defendant's letter dated December 9, 2014 was sent to Mr. Jackson in a windowed envelope.

28. When mailed, Jackson's name and address were visible through the glassine window. Also visible through the window were two Quick Response Codes ("QR Code").

29. While redacted pursuant to Local Rule 5.2-1, the QR Codes appeared as follows:



30. When scanned by a device such as a smart phone, each QR Code revealed personal information associated with Plaintiff, such as Plaintiff's account number, ▇7804.[1]



---

[1] Redactions were also applied hereto pursuant to L.R. 5.2-1.

**CLASS ACTION COMPLAINT FOR DAMAGES**            PAGE 5 OF 15

31. Like language printed on the envelope itself, language appearing through a windowed envelope can be seen by anyone handling the mail. As such, Plaintiff's personal information was readily available to any person that came into contact with Plaintiff's mail.

32. Courts have found that a QR Code is not a benign or meaningless symbol but implicates a core concern of the FDCPA; and, RFDCPA.

33. Specifically, an account number is a core piece of information pertaining to Mr. Jackson's status as a debtor and Defendant's debt collection efforts. Disclosed to the public, this information could be used to expose Mr. Jackson's financial predicament. Said disclosure could also provide third parties with additional information not otherwise in their possession that would facilitate identity theft and render Mr. Jackson susceptible to privacy intrusions.

34. Through this conduct, Defendant used an unfair or unconscionable means to collect or attempt to collect any debt by including language or a symbol which indicates the communication concerns debt collection. Consequently, Defendant violated 15 U.S.C. § 1692f. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

35. Through this conduct, Defendant used language or symbols, other than Defendant's address, on an envelope when communicating with a consumer by use of the mails or by telegram. Consequently, Defendant violated 15 U.S.C. § 1692f(8). This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

///

///

## FACTUAL ALLEGATIONS AS TO MR. EVANS

36. At all times relevant, Mr. Evans is an individual residing within the State of California.

37. At all times relevant, Defendant conducted business in the State of California.

38. Sometime prior to May 2015, Mr. Evans allegedly incurred financial obligations to the original creditor identified solely as "Navient (Private Credit)."

39. These alleged financial obligations were for personal, family or household purposes, and therefore, a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

40. These alleged financial obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt[s]" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

41. Sometime thereafter, Mr. Evans allegedly fell behind in the payments allegedly owed on the alleged debt. Mr. Evans disputes the validity of said debt.

42. Subsequently, the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection.

43. As a result, Mr. Evans received two (2) written communications from Defendant with regard to Mr. Evans' alleged debt. Said contacts constitute a "communication" as that term is defined by 15 U.S.C. § 1692a(2) and a "debt collection" as that phrase is defined by 15 U.S.C. § 1692a(6).

///
///
///

44. Defendant sent its first letter to Mr. Evans on or about May 28, 2015. This letter was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), an "initial communication" consistent with 15 U.S.C. § 1692g(a), and "debt collection" as that phrase is defined by Cal. Civ. Code 1788.2(b).

45. Defendant sent its second letter to Mr. Evans on or about July 29, 2015.

46. Both of Defendant's letters to Mr. Evans were sent in windowed envelopes.

47. Through the glassine window in the envelope, there is visible a series of numbers and letters as follows: S-ONCCOA10 (ED151) A-▮▮▮▮6040-04 P4J2I400107392-067991857 I08044.

48. While redacted pursuant to Local Rule 5.2-1, the information appeared as follows through the glassine window on the May 28, 2015 written communication:



49. With slight variation, the information appeared as follows through the glassine window on the July 29, 2015 written communication:



50. Contained within these numbers appearing above Plaintiff's name and address is Mr. Evans' account number with Defendant: ▮▮▮▮6040.

///
///
///
///

51. Through this conduct, Defendant used an unfair or unconscionable means to collect or attempt to collect any debt by including language or a symbol which indicates the communication concerns debt collection. Consequently, Defendant violated 15 U.S.C. § 1692f. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

52. Through this conduct, Defendant used language or symbols, other than Defendant's address, on an envelope when communicating with a consumer by use of the mails or by telegram. Consequently, Defendant violated 15 U.S.C. § 1692f(8). This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

## CLASS ALLEGATIONS

53. Plaintiffs bring this action on behalf of themselves individually, and on behalf of all others similarly situated ("Mr. Evans' FDCPA Class"); ("Mr. Evans' RFDCPA Class"); ("Mr. Jackson's FDCPA Class"); and, ("Mr. Jackson's RFDCPA Class") (collectively as "the Classes").

54. Mr. Evans represents, and is a member of, the Class defined as follows:

> (i) all persons with addresses within the United States; (ii) who were sent one or more collection letter(s) by Defendant COLLECTO, INC. D/B/A EOS CCA; (iii) which was sent in a windowed envelope through which the addressee's account number was visible; (iv) to recover a consumer debt; (v) which was not returned undeliverable by the United States Postal Service; (vi) at any time one year prior to the date of the filing of this Action. ("Mr. Evans' FDCPA Class").

///

///

///

55. Mr. Jackson represents, and is a member of, the Class defined as follows:

> (i) all persons with addresses within the United States; (ii) who were sent one or more collection letter(s) by Defendant COLLECTO, INC. D/B/A EOS CCA; (iii) which was sent in a windowed envelope which bore a QR Code visible through the glassine window; (iv) to recover a consumer debt; (v) which was not returned undeliverable by the United States Postal Service; (vi) at any time one year prior to the date of the filing of this Action. ("Mr. Jackson's FDCPA Class").

56. Mr. Evans represents, and is a member of, the Class defined as follows:

> (i) all persons with addresses within the State of California; (ii) who were sent one or more collection letter(s) by Defendant COLLECTO, INC. D/B/A EOS CCA; (iii) which was sent in a windowed envelope through which the addressee's account number was visible; (iv) to recover a consumer debt; (v) which was not returned undeliverable by the United States Postal Service; (vi) at any time one year prior to the date of the filing of this Action. ("Mr. Evans' RFDCPA Class").

57. Mr. Jackson represents, and is a member of, the Class defined as follows:

> (i) all persons with addresses within the State of California; (ii) who were sent one or more collection letter(s) by Defendant COLLECTO, INC. D/B/A EOS CCA; (iii) which was sent in a windowed envelope which bore a QR Code visible through the glassine window; (iv) to recover a consumer debt; (v) which was not returned undeliverable by the United States Postal Service; (vi) at any time one year prior to the date of the filing of this Action. ("Mr. Jackson's RFDCPA Class").

58. Defendant and its employees or agents are excluded from the Classes.

59. Plaintiffs do not know the exact number of persons in the Classes, but believe them to be in the several hundreds, if not thousands, making joinder of all these actions impracticable.

///

///

60. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The identity of the individual members is ascertainable through Defendant's and/or Defendant's agents' records or by public notice.

61. There is a well-defined community of interest in the questions of law and fact involved affecting the members of the Classes. The questions of law and fact common to the Classes predominate over questions affecting only individual class members, and include, but are not limited to, the following:

   a) Whether Defendant's conduct violated the FDCPA by using unfair and unconscionable collection practices in connection with the collection of a debt in violation of § 1692f;

   b) Whether Defendant used any language or symbol on envelopes sent to consumers that reveal information other than the debt collector's address or name, in violation of 15 U.S.C. § 1692f(8);

   c) Whether Defendant violated Cal. Civ. Code § 1788.17;

   d) Whether Defendant's conduct violated the RFDCPA;

   e) Whether members of the Classes are entitled to the remedies under the FDCPA;

   f) Whether members of the Classes are entitled to the remedies under the RFDCPA;

   g) Whether members of the Classes are entitled to declaratory relief;

   h) Whether members of the Classes are entitled to injunctive relief;

   i) Whether members of the Classes are entitled to an award of reasonable attorneys' fees and costs of suit pursuant to the RFDCPA;

   j) Whether members of the Classes are entitled to an award of reasonable attorneys' fees and costs of suit pursuant to the FDCPA; and,

   k) Whether Defendant can satisfy the bona fide error affirmative defense.

///

62. As persons that received at least one written communication from Defendant in violation of Federal and/or State fair debt collection laws, Plaintiffs are asserting claims that are typical of the Classes. Plaintiffs will fairly and adequately protect the interests of the Classes.

63. Plaintiffs have retained counsel experienced in consumer class action litigation and in handling claims involving unlawful debt collection practices.

64. Plaintiffs' claims are typical of the claims of the Classes, which all arise from the same operative facts involving unlawful collection practices.

12. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendants to comply with federal and California law. The interest of class members in individually controlling the prosecution of separate claims against Defendants is small because the maximum statutory damages in an individual action under the FDCPA or RFDCPA is $1,000. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims, e.g., securities fraud.

65. Defendant has acted on grounds generally applicable to the Classes, thereby making appropriate final declaratory relief with respect to the Classes as a whole.

66. Plaintiffs contemplate providing notice to the putative class members by direct mail in the form of a postcard and via Internet website.

67. Plaintiffs request certification of a hybrid class combining the elements of Fed. R. Civ. P. 23(b)(3) for monetary damages and Fed. R. Civ. P. 23(b)(2) for equitable relief.

///
///
///

## COUNT I

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692-1692(p) (FDCPA)

68. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

69. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.

70. As a result of each and every violation of the FDCPA, Plaintiffs, and the members of the Classes, are entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## COUNT II

### VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

### Cal. Civ. Code §§ 1788-1788.32 (RFDCPA)

71. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

72. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

73. As a result of each and every violation of the RFDCPA, Plaintiffs, and the members of the Classes, are entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each Defendant individually.

///

///

# PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that judgment be entered against Defendant as follows:

- That this action be certified as a class action on behalf of the the Classes as requested herein;
- That Plaintiffs be appointed as representatives of the Classes;
- That Plaintiffs' counsel be appointed as counsel for the Classes;
- An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), for each plaintiff and putative class member;
- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), for each plaintiff and putative class member;
- An award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), for each plaintiff and putative class member;
- An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), for each plaintiff and putative class member;
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3); and
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c);
- Any and all other relief that this Court deems just and proper.

///
///
///
///
///
///

## TRIAL BY JURY

74. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by jury.

Dated: August 10, 2015

Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By:   /s/   Matthew M. Loker
        MATTHEW M. LOKER, ESQ.
        ATTORNEY FOR PLAINTIFFS